UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **VANCE DOTSON** | ) |
| | ) **JURY TRIAL DEMANDED** |
| Plaintiff, | ) |
| | ) |
| | ) Case No. CIV-25-1133-G |
| v. | ) |
| | ) |
| **EXPERIAN INFORMATION SOLUTIONS, INC.,** | ) |
| | ) FILED |
| Defendants. | ) |
| | ) SEP 29 2025 |
| | ) |
| | ) JOAN KANE, CLERK |
| | ) U.S. DIST. COURT WESTERN DIST. OKLA. |
| | BY_____, DEPUTY |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Vance Dotson, and complains of the Defendant, Experian Information Solutions, Inc., ("Experian"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages exceeding $75,000, exclusive of cost, brought by Vance Dotson against Experian for violations of the **Fair Credit Reporting Act**, 15 U.S.C. § 1681, *et. seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction.

4. Venue is proper in Oklahoma County, Oklahoma, because the acts and omissions giving rise to this action occurred in whole or in part in Oklahoma County, and Plaintiff resides in this county.

## **PARTIES**

5. Plaintiff Vance Dotson is an individual residing in Oklahoma County, Oklahoma.

6. Mr. Dotson is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

7. Experian is a California foreign corporation with a primary business address of 475 Anton Blvd Costa Mesa, CA 92626.

8. Experian is a Consumer Reporting Agency ("CRA") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages, in whole or in part, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties. Experian uses means or facilities of interstate commerce, including the mail and internet, to prepare and furnish consumer reports. As a CRA, Experian is aware of its obligations under the Fair Credit Reporting Act (FCRA).

## **FACTUAL ALLEGATIONS**

9. On August 19, 2025, Plaintiff Mr. Dotson submitted a written request to Defendant Experian Information Solutions, Inc., ("Experian") for a full consumer file disclosure under 15 U.S.C. § 1681g(a)(1). See Exhibit 1.

10. Plaintiff was denied of credit on or about August 16, 2025 from Affirm. In the denial letter it says "if you request it no later 60 days after you receive this notice. In addition, you have find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency" Experian never gave Plaintiff the report to so. See Exhibit 2.

11. Mr. Dotson's request included all information typically required for identity verification, such as his full name, current address, full Social Security number, date of birth, and a copy of his government-issued identification.

12. According to tracking information provided by the United States Postal Service 9589 0710 5270 1715 5709 60, Experian received Mr. Dotson's request on August 23, 2025. See Exhibit 3.

13. The FCRA states that a consumer reporting agency **shall** provide all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1). This requirement is not discretionary.

14. Despite receiving a complete and valid request more than 30 days ago, Experian has failed to provide any consumer file disclosure to Mr. Dotson. It has not sent a response, acknowledgment, or explanation for its noncompliance.

15. As of the date of this filing, Mr. Dotson has received no communication whatsoever from Experian regarding his request.

## EMOTIONAL AND INFORMATIONAL HARM

16. Because Experian failed to provide the file disclosure, Mr. Dotson has been unable to determine whether Experian is reporting any information about him, accurate or otherwise. He would have reviewed and disputed that information if it had been disclosed as required by law.

17. This prolonged lack of transparency has caused Mr. Dotson serious informational harm. He has been denied access to critical data about himself, which has undermined his ability to review, understand, and dispute any errors that may exist.

18. The uncertainty and lack of control over his own personal data caused Mr. Dotson to experience repeated distress. He became increasingly frustrated and concerned about how Experian's potential reporting might be affecting his ability to obtain credit, housing, or employment opportunities.

19. Experian's silence left Mr. Dotson feeling disregarded and powerless. He had taken every step a consumer is required to take under the law, only to be ignored by a company that holds sensitive information used in major life decisions. The disregard for his lawful request made Mr. Dotson question whether Experian respects the rights of consumers at all.

20. The absence of a response disrupted Mr. Dotson's daily life. He found himself constantly second-guessing whether errors might be silently damaging his reputation, credit standing, or future opportunities.

21. As the days passed without any communication from Experian, Mr. Dotson experienced increasing emotional distress. He struggled to focus at work and was often distracted by intrusive thoughts about what might be in his Experian file and how it could be harming him without his knowledge.

22. Mr. Dotson began having difficulty sleeping and experienced a noticeable loss of appetite. The emotional strain caused him to withdraw from social settings, and he developed ongoing frustration and irritability. The uncertainty deeply affected his mental state and made it difficult for him to function normally in his day-to-day life.

23. Mr. Dotson also experienced persistent anxiety and fear that Experian might be reporting inaccurate or incomplete information about him. The inability to access or verify his file left him feeling vulnerable to unknown harm and completely excluded from a process that is supposed to be transparent under federal law.

24. In the United States, consumer reporting information is used every day to make important decisions about individuals, including whether they qualify for a job, a mortgage,

an auto loan, or a line of credit. Mr. Dotson knows that the contents of his Experian file could directly influence those outcomes. The fear that inaccurate data could be silently impacting his life without his knowledge caused intense and prolonged emotional strain

25. As the emotional toll worsened, Mr. Dotson ultimately experienced with the anger, depression, anxiety, helplessness, and mental fatigue caused by Experian's refusal to respond. The lack of transparency made him feel as though he had no control over his financial reputation or personal data, Plaintiff has sought counseling over this issue because of Experian with www.BetterHelp.com which cost me $65 a week.

26. Mr. Dotson began having frequent, intrusive thoughts about the potential contents of his Experian file and the harm that might already be occurring behind the scenes. The unresolved nature of his request led to emotional exhaustion and an ongoing disruption of his peace of mind.

27. Mr. Dotson finds it deeply troubling that Experian did not provide the disclosure as required by 15 U.S.C. § 1681g(a)(1). Experian is a large and sophisticated entity that knew, or should have known, that it had a legal obligation to respond once it received a complete and verifiable request from a consumer.

28. Mr. Dotson believes this failure to respond is not an isolated incident, but instead reflects a broader and systematic failure by Experian to comply with its legal duties. Whatever internal processes or procedures Experian is using are not ensuring that consumers receive their disclosures at all, or in a timely manner. Mr. Dotson also believes that Experian has been sued previously by other consumers, attorneys, or regulatory authorities for similar conduct.

29. Based on this pattern, Mr. Dotson believes that Experian's refusal to provide his file disclosure was not a simple oversight, but rather a deliberate, reckless, or willfully indifferent practice. Mr. Dotson is left to question whether Experian is systematically

disregarding its legal obligations at the expense of consumer rights and protections.

## **EMOTIONAL HARM IS RECOVERABLE UNDER THE FCRA**

30. Emotional distress is a recognized and compensable form of actual damages under the FCRA. Courts routinely award damages for mental and emotional suffering resulting from FCRA violations, even absent financial loss.

31. For example, in *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995), and *Bach v. First Union Nat'l Bank*, 149 F. App'x 354, 361 (6th Cir. 2005), courts confirmed that emotional distress damages are recoverable based on personal testimony and specific facts demonstrating the impact of the violation.

32. Mr. Dotson's testimony in support of this Complaint outlines the anxiety, disruption, and frustration he experienced as a result of Experian's failure to comply with 15 U.S.C. § 1681g(a)(1). The facts surrounding that injury are detailed and well-supported.

33. In cases such as *Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 507 (4th Cir. 2007), and *Smith v. LexisNexis Screening Sols., Inc.*, 76 F. Supp. 3d 651 (E.D. Mich. 2014), courts awarded substantial actual damages based on the plaintiff's distress and frustration resulting from inaccurate or undisclosed credit file information. Mr. Dotson's case aligns with those precedents.

34. Defendant Experian is a nationwide consumer reporting agency with extensive experience handling consumer file disclosure requests and is well aware of its obligations under the Fair Credit Reporting Act, including 15 U.S.C. § 1681g(a)(1).

35. Experian received Plaintiff's complete and verifiable request for a full consumer file disclosure on or about August 19, 2025. Despite the clear language of the statute requiring it to provide all information in Plaintiff's file, Experian failed to respond in any way.

36. The FCRA uses mandatory language and states that consumer reporting agencies **shall** disclose "all information in the consumer's file at the time of the request." Experian's failure to provide the disclosure within 15 days of receipt, despite having the necessary information, constitutes a clear violation of this statutory requirement.

37. Experian's failure was not the result of a good faith mistake or isolated oversight. Plaintiff believes that Experian has a history of failing to respond to consumer disclosure requests, and that it has previously been sued or investigated for similar conduct by other consumers, attorneys, or regulatory agencies.

38. Experian's failure to provide the disclosure, despite receiving a lawful, complete, and properly verified request, reflects a **deliberate, reckless, or willfully indifferent practice**. Experian knew or should have known that its conduct was unlawful, yet failed to take reasonable steps to comply with its statutory obligations under the FCRA.

39. Experian maintains internal procedures that are either fundamentally flawed or applied in a way that systematically disregards consumer disclosure rights. This reckless disregard for federal law amounts to a willful violation under the standard established by the U.S. Supreme Court in *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

40. As a result of Experian's willful violation of § 1681g(a)(1), Plaintiff is entitled to statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681n(a).

41. As recognized by the United States Supreme Court in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), and the Sixth Circuit in *Ward v. National Patient Account Services*, 9 F.4th 357 (6th Cir. 2021), informational and emotional injuries resulting from violations of the FCRA are sufficient to establish Article III standing and entitle a plaintiff to damages under § 1681n.

## COUNT I – WILLFUL FAILURE TO PROVIDE FULL FILE DISCLOSURE

## (Violation of 15 U.S.C. § 1681g(a)(1))

42. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

43. The Fair Credit Reporting Act requires that, upon request, a consumer reporting agency shall clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request. 15 U.S.C. § 1681g(a)(1).

44. On or about August 19, 2025, Plaintiff submitted a complete and verifiable written request to Defendant Experian for a full consumer file disclosure, as authorized under § 1681g(a)(1). The request included all information required to verify Plaintiff's identity, including full name, address, date of birth, Social Security number, and a government-issued photo ID.

45. Experian received Plaintiff's disclosure request within 3 days (mailbox rule), as confirmed by United States Postal Service tracking. More than 30 days have passed since Experian received the request, and Experian has failed to provide any response or file disclosure of any kind.

45. Experian's failure to respond to Plaintiff's lawful and complete request constitutes a direct violation of § 1681g(a)(1).

47. Experian is a sophisticated nationwide consumer reporting agency with actual knowledge of its obligations under the FCRA. It knew, or should have known, that it was legally required to provide Plaintiff with all information in his consumer file within a reasonable time after receiving the request.

48. Experian's failure to provide the disclosure was not the result of a clerical error, isolated mistake, or good-faith misunderstanding of the law. Rather, it was part of a **deliberate, reckless, or willfully indifferent pattern of conduct** that disregards the rights of consumers, in violation of the FCRA.

49. Plaintiff believes that Experian has engaged in a systemic practice of ignoring or mishandling file disclosure requests from consumers, including failing to send timely or

complete disclosures. Experian has previously been sued or investigated by other consumers, attorneys, or regulators for similar violations.

50. Experian maintained and followed procedures that were objectively unreasonable and substantially likely to violate the rights of consumers under § 1681g(a)(1). Its conduct satisfies the definition of a **willful violation** as set forth by the United States Supreme Court in *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

51. As a result of Experian's willful violation, Plaintiff suffered **concrete and particularized harm**, including emotional distress, informational injury, anxiety, mental fatigue, and the loss of control over his personal and financial information.

52. Because Experian failed to provide the file disclosure, Mr. Dotson has been unable to determine whether Experian is reporting any information about him, accurate or otherwise. He would have reviewed and disputed any inaccurate, incomplete, or misleading information had the disclosure been provided as required by law. Plaintiff alleges that this violation was **willful**, as Experian knew or should have known of its obligation under the Fair Credit Reporting Act and consciously chose not to comply. **In the alternative**, Experian's failure to provide the disclosure was **negligent**, and it breached its duty to exercise reasonable care in fulfilling its statutory responsibilities under 15 U.S.C. § 1681g(a)(1).

53. As a result of Experian's willful violation, Plaintiff suffered **concrete and particularized harm**, including emotional distress, informational injury, anxiety, mental fatigue, and the loss of control over his personal and financial information.

54. As a result of Experian's violation of 15 U.S.C. § 1681g(a)(1), Plaintiff suffered actual damages, including emotional distress, anxiety, mental fatigue, and loss of control over his personal and financial information. Plaintiff alleges that this violation was **willful**, and Experian is therefore liable under **15 U.S.C. § 1681n(a)** for:

- **Statutory damages** of not less than $100 and not more than $1,000;

- **Punitive damages** to punish and deter future misconduct; and

- **The costs of the action and reasonable attorney's fees**, should Plaintiff retain counsel.

55. In the alternative, if the Court finds that the violation was not willful, Experian is liable under 15 U.S.C. § 1681o(a) for Plaintiff's actual damages and the costs of the action and reasonable attorney's fees if Plaintiff retains an attorney.

## JURY DEMAND

56. Plaintiff Vance Dotson respectfully demands a trial by jury on all issues so triable.

## REQUEST FOR RELIEF

Plaintiff Vance Dotson respectfully requests that this Honorable Court grant the following relief:

1. An award of **actual damages**, including but not limited to emotional distress, anxiety, mental anguish, frustration, and loss of time, resulting from Defendant's violations of the Fair Credit Reporting Act;

2. An award of **statutory damages** of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a), for Defendant's willful failure to comply with its obligations under the FCRA;

3. An award of **punitive damages** to punish and deter Defendant's willful noncompliance with the FCRA;

4. An award of the **costs of this action and reasonable attorney's fees**, pursuant to 15 U.S.C. §§ 1681n and 1681o, should Plaintiff retain counsel;

5. Such other and further relief as the Court deems just and proper.

## ATTACHMENTS

**Exhibit** 1

A true and accurate copy of the written request submitted by Plaintiff Vance Dotson to Defendant Experian, seeking a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1). The request was dated August 19, 2025, and included all required identifying information and documentation to verify Plaintiff's identity.

**Exhibit** 3

A true and accurate copy of the United States Postal Service certified mail receipt and tracking confirmation, showing that Exhibit 3 was delivered to Defendant Experian.

**Declaration** of **Vance** **Dotson**

A sworn declaration submitted by Plaintiff Vance Dotson in support of this Complaint and Exhibits 1, 2 and 3 attesting to the accuracy and authenticity of the exhibits and further describing the emotional distress, informational harm, and procedural steps taken by Plaintiff in connection with Defendant's failure to provide the required file disclosure.

Respectfully Submitted

*/s/ Vance Dotson*
Vance Dotson
425 W Wilshire Blvd Ste E
Oklahoma City, OK 73116

Phone: 405-406-7323

Email: vancedotson@yahoo.com

## Certificate Of Service

I hereby certify that a true and correct copy of this Complaint, along with all attached exhibits, will be served on Defendant by the clerk of court in accordance with applicable rules of civil procedure.

Respectfully Submitted

*/s/ Vance Dotson*

Dated this 29th day of August 2025

Vance Dotson

425 W Wilshire Blvd Ste E

Oklahoma City, OK 73116

Email: vancedotson@yahoo.com