THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

FILED
OCT 16 2025
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

| | |
|---|---|
| VANCE DOTSON <br> Plaintiff, <br> v. <br> EXPERIAN INFORMATION SOLUTIONS, INC., <br> Defendants. | ) JURY TRIAL DEMANDED <br> ) <br> ) Case No. <br> ) CIV-25-1133-G <br> ) ) ) ) ) |

---

**PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO CONSOLIDATE OR, IN THE ALTERNATIVE, MOTION TO DISMISS RELATED CASES**

---

*<u>To be clear Plaintiff has been denied of credit and the disclosure Plaintiff has a statutory right to has not been giving to Plaintiff as of the filing of this response therefore Plaintiff is still grieving.</u>*

Plaintiff Vance Dotson respectfully opposes Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Consolidate or, in the Alternative, Motion to Dismiss Related Cases (Dkt. 6). The three actions at issue involve distinct violations of the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681 et seq., arising from separate incidents at different times; they do not share sufficient common questions of law or fact to warrant consolidation under Federal Rule of Civil Procedure 42(a). Consolidation would cause unnecessary delay, confusion, and prejudice to Plaintiff by conflating unique factual circumstances and evidence. Moreover, the actions are not duplicative, as each stems from a different set of operative facts, and dismissing any would improperly shield Experian, a repeat offender, from accountability for multiple independent violations. For these reasons, the Court should deny Experian's motion in its entirety.

## BACKGROUND

Plaintiff has filed three separate actions against Experian in this District, each alleging willful or negligent violations of 15 U.S.C. § 1681g(a)(1), which requires consumer reporting agencies to provide, upon request, a complete disclosure of all information in a consumer's file. These actions arise from wholly distinct requests and failures by Experian, occurring months apart, and reflect Experian's pattern as a repeat offender; Plaintiff has previously informed the Court of this recurring conduct.

In the first action, Cause No. CIV-25-605-SLP (filed June 4, 2025), Plaintiff requested his full consumer file from Experian on or about February 6, 2025, pursuant to § 1681g(a)(1). Experian failed to provide a complete disclosure, omitting key information such as source details, complete payment histories, and other data affecting the accuracy and completeness of Plaintiff's credit report. This failure caused Plaintiff emotional distress and other harms. The action is now at the stage where Plaintiff has sought leave to file a second amended complaint focusing on this § 1681g claim.

In the second action, Cause No. CIV-25-938-SLP (filed August 18, 2025), Plaintiff made a separate request for his full consumer file directly to Experian's legal counsel on or about June 15, 2025, via text message and email, again pursuant to § 1681g(a)(1). Experian again failed to provide all information in Plaintiff's file, omitting similar key details, including erroneous data, incomplete payment histories, and missing source information. This independent violation, unrelated to the February request, resulted in emotional distress and a denial of credit, constituting a distinct harm. Experian has answered and amended its answer in this action.

In the third action, Cause No. CIV-25-1133-G (filed September 29, 2025), Plaintiff applied for credit with Affirm and was denied based on information from Experian. Pursuant to FCRA requirements, including 15 U.S.C. § 1681m (requiring adverse action notices with disclosure rights) and related provisions mandating disclosures within specified timeframes, Plaintiff was entitled to request and receive a disclosure within 60 days of the adverse action notice; Experian was obligated to provide it within 15 days of any request or automatically in certain circumstances. However, Experian failed to send any disclosure, either automatically or in response to Plaintiff's rights, on or about August 19, 2025. This violation, tied to a specific credit denial and unrelated to the prior direct requests, caused separate emotional distress and financial harm. Experian has not yet substantively responded beyond noting related cases.

These actions involve different requests, different modes of request (direct to Experian, to counsel, and triggered by a credit denial), different time periods (February, June, and August 2025), and distinct harms; they are not substantively identical, as Experian claims. Experian's

repeated failures demonstrate a pattern of noncompliance, but each instance stands alone as a separate statutory violation.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) permits consolidation if actions before the court involve a common question of law or fact, but the decision is discretionary and requires a two-step analysis. First, the court determines whether common questions exist. Fed. R. Civ. P. 42(a); Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978). Commonality is not satisfied merely by overlapping parties or similar legal theories; there must be substantial shared questions, and courts decline consolidation where actions arise from distinct transactions or events. See, e.g., Taylor v. Juma, No. CIV-23-132-D (W.D. Okla. Mar. 13, 2025) (requiring at least one common question but weighing differences); Herd v. Asarco Inc., No. 01-CV-891-H (C), (N.D. Okla. May 28, 2003) (noting commonality requires more than superficial similarity).

If commonality is found, the court then balances judicial convenience against potential delay, confusion, or prejudice. Taylor, (citing Servants of Paraclete, Inc. v. Great Am. Ins. Co., 866 F. Supp. 1560, 1572 (D.N.M. 1994)). Differences in procedural posture, factual

details, or evidence weigh against consolidation, particularly where it would complicate litigation or prejudice a party. See Arnold ex rel. Chesapeake Energy Corp. v. McClendon, No. CIV-11-985-M, (W.D. Okla. June 20, 2012).

For dismissal of allegedly duplicative actions, courts apply the rule against claim splitting, which precludes a second suit if a final judgment in the first would bar it under res judicata. Katz v. Gerardi, 655 F.3d 1212, 1217-19 (10th Cir. 2011). However, actions are not duplicative if they arise from different factual bases or transactions, even if they involve the same parties and similar claims. Id.; see also Goodwill Indus. of Cent. Okla., Inc. v. Philadelphia Indem. Ins. Co., 499 F. Supp. 3d 1098, 1105 (W.D. Okla. 2020) (dismissing only where claims are identical and preclusive). The movant bears the burden, and dismissal is inappropriate for separate violations of the same statute.

## ARGUMENT

### I. THE COURT SHOULD NOT CONSOLIDATE THE ACTIONS BECAUSE THEY LACK SUFFICIENT COMMON QUESTIONS OF LAW OR FACT, AND CONSOLIDATION WOULD CAUSE DELAY, CONFUSION, AND PREJUDICE.

The three actions do not satisfy the requirements for consolidation. Experian's motion overstates superficial similarities, such as the involvement of the same parties and the invocation of § 1681g(a)(1), while ignoring the distinct factual underpinnings of each case.

- First, the actions lack the requisite common questions of law or fact. Although each alleges a violation of § 1681g(a)(1), the claims arise from entirely separate incidents: a direct request in February 2025 (First Action), a request to Experian's counsel in June 2025 (Second Action), and a failure to provide a disclosure following a credit denial in August 2025 (Third Action). These are not "near-identical," as Experian asserts; each involves different requests, timelines, contexts, and evidence. For instance, the First Action focuses on Experian's response to a standalone written request; the Second Action involves communications with legal counsel, potentially implicating different internal processes or defenses; and the Third Action ties to a specific adverse credit action with Affirm, invoking additional FCRA provisions like § 1681m and mandatory disclosure timelines (e.g., within 15 days). Proving each violation

requires unique evidence, such as distinct correspondence, internal records, and harm assessments. Experian's pattern as a repeat offender underscores that these are sequential, independent breaches, not a single transaction. Courts routinely deny consolidation in such circumstances, where actions involve similar legal theories but discrete events. See Taylor, (declining where differences in facts predominate); Habitat Educ. Ctr., Inc. v. Kimbell, 250 F.R.D. 390, 394 (E.D. Wis. 2008) (requiring beneficial commonality beyond mere existence).

Even if minimal commonality exists, the balance of factors weighs heavily against consolidation. Judicial convenience is not served by merging these cases; instead, it would create confusion by entangling unrelated facts, witnesses, and timelines into one proceeding. Discovery in each action would overlap only minimally, as inquiries into the February request would not resolve issues from the June counsel request or the August credit denial. Consolidation could delay the more advanced First Action (where amendment is pending) by forcing it to align with the nascent Third Action, prejudicing Plaintiff who seeks prompt resolution of each distinct harm. Moreover, prejudice to Plaintiff is clear: combining

cases would dilute the evidentiary focus on Experian's repeated failures, potentially allowing Experian to obscure its pattern of noncompliance. Experian's claims of efficiency ring hollow, as separate proceedings better isolate each violation, avoiding inconsistent rulings on unique facts while promoting accountability for serial offenders. See Servants of Paraclete, 866 F. Supp. at 1572 (weighing prejudice from procedural differences).

## II. THE COURT SHOULD NOT DISMISS THE SECOND OR THIRD ACTIONS AS DUPLICATIVE, AS EACH ARISES FROM A DISTINCT SET OF FACTS.

Dismissal is equally unwarranted, as the actions are not duplicative under the rule against claim splitting. Katz, 655 F.3d at 1217-19. A final judgment in the First Action would not preclude the others, because each claim derives from different operative facts: separate requests, failures, and harms at distinct times. The First Action addresses a February disclosure failure; the Second, a June failure via counsel; and the Third, an August failure post-credit denial. These are independent statutory violations, not "the same lawsuit" split from a common nucleus. Id. at 1218; Goodwill Indus., 499 F. Supp. 3d at 1105 (refusing dismissal where transactions differ). Experian's reliance on res judicata principles fails, as the claims do not share identical elements or

preclusive effects. Dismissing them would improperly reward Experian's repeated misconduct, undermining the FCRA's purpose to protect consumers from multiple harms. The Court should reject this attempt to evade liability.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to consolidate or dismiss in its entirety.

*/s/ Vance Dotson*

Vance Dotson

425 W. Wilshire Blvd Ste., E

Oklahoma City, OK 73116

405-406-7323

vancedotson@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2025, I served the foregoing Amended Complaint on counsel for Defendant via the CM/ECF system.

*/s/ Vance Dotson*

Vance Dotson