## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VANCE DOTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1133-G |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————— | ) | |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO <u>COMPEL RULE 26(f) CONFERENCE</u>

Defendant Experian Information Solutions, Inc. ("Experian"), by its attorneys, submits the following Response to Plaintiff's Motion to Compel Rule 26(f) Conference (Dkt. 13).

## <u>BACKGROUND</u>

Plaintiff filed the present Complaint against Experian on September 29, 2025, alleging a violation of the Fair Credit Reporting Act. (Dkt. 1). The Complaint filed in this case is the third Complaint that Plaintiff has filed against Experian in a span of less than four months. *See Vance Dotson v. Experian Info. Sols., Inc.*, Case No. CIV-25-605-SLP (filed on June 4, 2025); *Vance Dotson v. Experian Info. Sols., Inc.*, CIV-25-938-SLP (filed on Aug. 18, 2025); *Vance Dotson v. Experian Info. Sols., Inc.*, CIV-25-1133-G (filed on Sept. 29, 2025). All three actions involve the same parties—Plaintiff and Experian—and center around materially similar factual and legal allegations. *See* Def.'s Mot. to

Consolidate (Dkt. 6-1), at 5–7. For this reason, Experian provided the Court with notice that it had filed a Motion to Consolidate or, In the Alternative, Motion to Dismiss Related Cases and Brief in Support in Case Number CIV-25-938-SLP. Def.'s Notice of Mot. to Consolidate (Dkt. 6). The Motion was heard before Judge Palk on November 12, 2025. (*See* Dkt. 33, Case No. CIV-25-938-SLP).

Experian filed its Answer and Affirmative Defenses to the present Complaint on October 21, 2025, at 7:38 p.m. (Dkt. 10). At 12:02 a.m. on October 23, 2025, Plaintiff emailed Experian's counsel stating that he would call Experian's counsel "for a 26(f) conference." Emails Between Vance Dotson and Jimmy Goodman, Ex. 1. Plaintiff then sent a second email at 10:57 a.m. on October 23, 2025, stating that he had attempted to call the undersigned, but "didn't get" him, and that Plaintiff "look[s] forward to hearing from [the undersigned] today about the 26(f)." *Id.* While Plaintiff asserts that he attempted to call Experian's counsel, counsel for Experian received no voicemail from Plaintiff requesting a return phone call, or any other indication that it was Plaintiff attempting to reach Experian's counsel.

Counsel for Experian promptly responded to Plaintiff's second email at 11:01 a.m., informing him that Experian believes that a 26(f) conference is not practicable prior to the Court's ruling on Experian's pending Motion to Consolidate. *Id.* Counsel further explained that once the Court rules on the Motion to Consolidate, "we will know whether this case and discovery in it will run separately or be consolidated with discovery and scheduling in the consolidated action." *Id.* Plaintiff did not respond. Instead, he filed his Motion to

Compel just three hours later at 2:04 p.m., not even 48 hours after Experian filed its Answer. (*See* Dkt. 13).

Plaintiff's unreasonable conduct in this instance is not an isolated incident, but rather a pattern of gamesmanship. To start, Plaintiff has filed three different suits alleging near identical claims—despite numerous opportunities to amend existing petitions to consolidate the actions. This is particularly egregious in his initial, June 4th filing. There, the Court dismissed Plaintiff's first amended complaint on September 26, 2025, but allowed Plaintiff to file leave to further amend the petition. *See* Sept. 26, 2025 Order (Dkt. 20, Case No. CIV-25-605-SLP). He knowingly chose not to do so by filing this September 29 complaint.

Plaintiff has also filed or threatened to file multiple, meritless pleadings to drive litigation. In the August 18th filing, after Experian timely answered by largely denying his claims based on a lack of knowledge, Plaintiff filed a motion to strike all Experian's affirmative defenses and provided notice of his intent to file sanctions based solely on Experian denying his key allegations. *See* Pl.'s Mot. to Strike Def.'s Affirmative Defenses (Dkt. 9, Case No. CIV-25-938). Taken at face value and despite colorable issues present on the face of Plaintiff's complaint, his position appears to be that Experian should have admitted all allegations demonstrating liability, without defense, thereby ending the litigation at the first filings. Regardless, Experian promised to amend its answer after meeting with Plaintiff and explained it was still investigating the factual issues. Experian later did so, admitting certain key allegations and narrowing its affirmative defenses. Despite this, Plaintiff again put Experian on notice of filing Rule 11 sanctions for the

remaining denials in the amended petition. And when Experian filed a similar answer in this proceeding, Plaintiff threatened sanctions again.

There is no sign Plaintiff intends to moderate his actions either. Not only has Plaintiff filed three motions to compel in response to Experian's discovery responses in the August litigation (*See* Pl.'s Mots. to Compel (Dkts. 18–20, Case No. 25-938-SLP)), he has also threatened to continue filing suit—even going so far as to use Experian's corporate disclosure statement filed in the August litigation as a basis to request his credit file from entities that are not credit-reporting agencies. In short, Plaintiff's conduct in attempting to schedule a 26(f) conference here and subsequent filing of a motion to compel is one example among many that define Plaintiff's litigation tactics.

## ANALYSIS

Regarding issues presented before the Court here, Plaintiff made no attempt to meet and confer in good faith as required by Local Civil Rule 37.1 prior to filing his Motion to Compel. As such, this Court should "refuse to hear" the Motion and summarily deny it. Alternatively, this Court should deny Plaintiff's Motion as premature because it is not yet practicable to hold a Rule 26(f) conference, and the timeframe within which to do so has not yet passed. Plaintiff's request for sanctions should also be denied, as sanctions are entirely unwarranted.

I.    **The Court should refuse to hear Plaintiff's Motion to Compel because Plaintiff made no attempt to comply with Local Civil Rule 37.1 prior to filing his Motion.**

Plaintiff made no attempt to meet and confer in good faith with Experian prior to filing his Motion to Compel. For this reason alone, the Court should refuse to hear the Motion and summarily deny it. Local Civil Rule 37.1 provides that:

> With respect to all motions or objections relating to discovery pursuant to Fed. R. Civ. P. 26 through 37 and 45, this court shall refuse to hear any such motion or objection unless counsel for movant first advises the court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord.

Local Civil Rule 37.1 permits a Court to summarily deny a motion that fails to satisfy the Rule's requirements. *See* LCvR37.1; *see also Morgan v. Provident Life & Accident Ins. Co.*, No. CIV-20-180-D, 2023 WL 7927784, at *1 (W.D. Okla. Nov. 16, 2023) (denying motion to compel for failure to comply with LCvR37.1); *Harvest Grp. LLC v. Love's Travel Stops & Country Stores, Inc.*, No. CIV-20-00435-JD, 2024 WL 4880747, at *5 (W.D. Okla. Nov. 25, 2024) (same); *see also Smith v. C.R. Bard, Inc.*, No. CIV-19-00849-PRW, 2020 WL 13648610, at *1–2 (W.D. Okla. Nov. 4, 2020) (striking non-compliant motion). While "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, [the Tenth Circuit] has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (cleaned up) (quotations and internal citations omitted)).

Because Plaintiff seeks to compel a Rule 26(f) conference, his Motion is subject to Local Civil Rule 37.1's requirements. *See Morris v. Zerlin*, No. CV 07-2787, 2007 WL

9813314, at *1–2 (E.D. La. Aug. 15, 2007) (summarily denying motion to compel Rule 26(f) conference due to the movant's failure to comply with the Eastern District of Louisiana's local rule requiring a conference prior to bringing a discovery motion, similar to LCvR37.1). Here, Plaintiff made no attempt to confer, much less in good faith, prior to filing his Motion to Compel. Plaintiff sent his first email to Experian's counsel at 12:02 a.m. on October 23, 2025, stating that he would call Experian's counsel for a 26(f) conference. Emails Between Pl. and Jimmy Goodman, Ex. 1. Then, at 10:57 a.m., Plaintiff sent a second email, stating that he had tried to call Experian's counsel, but was unable to reach him, and that he "look[s] forward to hearing from [Experian's counsel] *today* about the 26(f)." *Id.* (emphasis added). Experian's counsel responded to Plaintiff's second email only four minutes later, at 11:01 a.m., explaining that Experian did not believe that a Rule 26(f) conference was practicable until after the Court ruled on Experian's pending Motion to Consolidate. *Id.* Rather than requesting to confer regarding Experian's position on the practicality of holding a Rule 26(f) conference and initiating discovery prior to the Court's ruling on Experian's Motion to Consolidate, Plaintiff simply did not respond to counsel for Experian's email. He filed the present Motion just four hours later, not even 48 hours after Experian filed its Answer in this case. (*See* Dkts. 10, 13).

Plaintiff's failure to even attempt to engage in a good faith conference falls far short of satisfying LCvR37.1's requirements. *See Smith*, 2020 WL 13648610, at *1 (stating that two emails requesting discovery supplementation by a date certain and one email requesting a date to meet and confer falls short of satisfying LCvR37.1); *see also Alexander v. F.B.I.*, 186 F.R.D. 197, 199 (D.D.C. 1999) ("[T]he court notes that leaving a vague

message late on a Friday afternoon with opposing counsel and filing the motion less than two hours later—without ever meeting and conferring, and without any legitimate reason for expediency—does not meet the requirements of [the court's local rule requiring parties to meet and confer]."); *Myers v. Mercedes-Benz USA, LLC*, No. 3:23CV755 (DJN), 2024 WL 3738228, at *6 (E.D. Va. May 15, 2024) ("The last-minute texts from [p]laintiffs' counsel, coming on the heels of his multiple calls on one day, lie well outside the ballpark of a good-faith attempt to satisfy [Eastern District of Virginia] Local Civil Rule 37(E) and Federal Rule 37(a)(1).").

Further, Plaintiff boldly asserts in his Motion that "Experian's counsel has not responded in any manner, effectively stonewalling the discovery process and preventing the case from moving forward." Pl.'s Mot. to Compel (Dkt. 13), at 3. As demonstrated in the attached emails between Plaintiff and Experian's counsel, however, this is an entirely false allegation, as Experian's counsel responded by email within eleven hours of Plaintiff's first email—which was sent in the middle of the night—and *four minutes* of Plaintiff's second email. Emails Between Pl. and Jimmy Goodman, Ex. 1. Plaintiff's conduct violates Federal Rule of Civil Procedure 11(b)(3), is sanctionable, and demonstrates a lack of respect for this Court and Experian's time.[1] Fed. R. Civ. P. 11(b)(3)

---

[1] Equally concerning are Plaintiff's citations. Plaintiff cites a single case in his Motion, *Cache La Poudre Feeds, LLP v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 620 (D. Colo. 2007), as authority for "compelling conference and awarding costs for unjustified delay." Pl.'s Mot. to Compel (Dkt. 13), at 4. *Cache La Poudre Feeds*, however, is dealing with spoilation of evidence allegations, and sanctions for the same. It makes no mention of a Rule 26(f) conference, or even Federal Rule of Civil Procedure 37(a)'s meet and confer requirement. Additionally, Plaintiff cites to Federal Rule of Civil Procedure 37(a)(3)(A) as authority for "authorizing motions to compel discovery-related conferences." Pl.'s Mot. to

(stating that by presenting a motion to the Court, the movant "certifies that . . . the factual contentions have evidentiary support[.]"); Fed. R. Civ. P. 11(c).

Because Plaintiff made no attempt to meet and confer prior to filing his Motion, the Court should "refuse to hear" Plaintiff's Motion and summarily deny it. LCvR37.1.

## II.     The time limit for participating in a Rule 26(f) conference has not passed, so Plaintiff's Motion is premature.

While the Court has the authority to summarily deny Plaintiff's Motion for failing to satisfy LCvR37.1, Plaintiff's Motion should alternatively be denied on the merits. Because the deadline for conducting a Federal Rule of Civil Procedure 26(f) conference has not passed, Experian has violated no rule, and Plaintiff's Motion is premature. Federal Rule of Civil Procedure 26(f) provides that "the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Rule 16(b), in turn, provides that the Court must issue a scheduling order "as soon as practicable, but unless the judge finds good cause for the delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

Experian was served with Plaintiff's Complaint on September 30, 2025. Counsel for Experian filed an entry of appearance on October 15, 2025. (*See* Dkt. 5). As such, in accordance with Federal Rule of Civil Procedure 16(b), the date that a scheduling order

---

Compel (Dkt. 13), at 3. Federal Rule of Civil Procedure 37(a)(3)(A), however, pertains to motions to compel Rule 26(a) disclosures. These citations also violate Rule 11. *See* Fed. R. Civ. P. 11(b)(2) (stating that by presenting a motion to the Court, the movant "certifies that . . . the claims, defenses, and other legal contentions are warranted by existing law[.]").

must be entered is the earlier of December 29, 2025 (90 days from the date that Experian was served), or December 14, 2025 (60 days after Experian entered its appearance), making the scheduling order deadline December 14, 2025. A scheduling order deadline of December 14, 2025, means that, under Rule 26(f) and without a scheduling conference presently scheduled, the parties must partake in a Rule 26(f) conference by no later than November 23, 2025—four weeks and three days *after* the date that Plaintiff filed his Motion to Compel.

Experian is in no way attempting to shirk its obligations to participate in the *mandatory* Rule 26(f) conference. Rather, it simply informed Plaintiff that it did not believe it was practicable to hold the conference until after the Court had ruled on its pending Motion to Consolidate. This is a reasonable position, considering the present case may be dismissed entirely or discovery might be consolidated with the other ongoing actions if the Court should grant Experian's Motion to Consolidate. In fact, this Court's Local Civil Rules provide that discovery cannot be obtained when there is a pending Federal Rule of Civil Procedure 12(b) motion. *See* LCvR26.3. While there is no pending motion brought pursuant to Rule 12(b), initiating discovery in this action prior to the Court's ruling on Experian's Motion to Consolidate may needlessly waste the time of the parties, and prove to be moot in the event that the action is dismissed on the basis of claim-splitting or consolidated. As such, it is not yet "practicable" to hold the Rule 26(f) conference. *See In re Morning Song Bird Food Litig.*, No. 12CV1592 JAH (RBB), 2013 WL 12143948, at *3 (S.D. Cal. Apr. 3, 2013) (stating that it is not "practicable" to hold a discovery conference until after a pending motion to dismiss is ruled on); *see also Isabel v. Reagan*, CV-18-

03217-PHX-DWL, 2019 WL 13519919, at *1 (D. Ariz. Feb. 7, 2019) (stating that motions to dismiss and a pending motion to transfer the case to another judge as a "related case" constitutes "good cause to delay the Rule 16 and Rule 26 deadlines").

Because the time within which to hold a Rule 26(f) conference has not yet passed, Plaintiff's Motion to Compel is premature and should be denied as such. *See Johnson v. United Cont'l Holdings, Inc.*, No. C-12-2730 MMC, 2014 WL 12823346, at *1 (N.D. Cal. June 16, 2014) (denying motion to compel Rule 26(f) conference when the "no later than" deadline had not yet passed); *Fecteau v. City of Mount Vernon*, No. 23 CIV. 09173 (KMK)(JCM), 2025 WL 754043, at *3 (S.D.N.Y. Mar. 10, 2025) (denying motion to compel Rule 26(f) conference when no Rule 16 scheduling conference had been set); *see also Pate v. ACE Am. Ins. Co.*, No. CV 22-2004, 2022 WL 16961134, at *3 (E.D. La. Nov. 16, 2022) (stating that a motion to compel discovery responses was premature when the parties had not yet had a Rule 26(f) conference, and a Rule 16 scheduling conference had not yet occurred).

### III.    Plaintiff's request for sanctions is unwarranted and improper.

Plaintiff also asserts that "sanctions are warranted" to cover his "costs in preparing [his] motion and to deter future non-compliance," citing Federal Rule of Procedure 37(d). Pl.'s Mot. to Compel (Dkt. 13), at 4, 5. Federal Rule of Civil Procedure 37(d) is not applicable, however, as it provides for sanctions when a party fails to appear for its deposition, fails to answer interrogatories, or fails respond to requests for inspection—none of which are alleged here. Fed. R. Civ. P. 37(d)(1)(A)(i), (ii).

Further, while Federal Rule of Civil Procedure 37(f) does provide for an award of "the reasonable expenses, including attorney's fees" if a party "fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f)," no such award is warranted here. As set forth above, Experian has not failed to participate in good faith in developing and submitting a proposed discovery plan, as it is not yet practicable to hold a Rule 26(f) conference and the deadline within which to do so has not yet passed. As such, Plaintiff's request for his "reasonable costs and expenses" should be denied. Pl.'s Mot. to Compel (Dkt. 13), at 5.

## CONCLUSION

Plaintiff has engaged in a campaign of gamesmanship by filing meritless pleadings and ignoring procedural requirements to improperly advance litigation. This dispute over the 26(f) conference is but one example brought before this Court. Because Plaintiff failed to comply with Local Civil Rule 37.1's requirements, Experian respectfully requests that the Court summarily deny Plaintiff's Motion to Compel. Alternatively, Experian requests that the Court deny Plaintiff's Motion as premature, because it is not yet practicable to hold a Rule 26(f) conference and the deadline within which to do so has not yet passed. Experian further requests that the Court deny Plaintiff's request for fees and costs.

Dated: November 13, 2025                Respectfully submitted,


                                        /s/ *Jimmy Goodman*
                                        JIMMY GOODMAN, OBA #3451
                                        CROWE & DUNLEVY
                                        A Professional Corporation
                                        Braniff Building
                                        324 North Robinson Ave., Ste. 100
                                        Oklahoma City, Oklahoma 73102
                                        (405) 235-7700
                                        jimmy.goodman@crowedunlevy.com

                                        **ATTORNEY FOR EXPERIAN
                                        INFORMATION SOLUTIONS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 13, 2025, a copy of the foregoing was served

***via email*** and on November 14, 2025, a copy of the foregoing was served by ***U.S. Mail***,

postage prepaid, to the following:

> Vance Dotson
> 425 W. Wilshire Blvd.
> Suite E
> Oklahoma City, OK 73116
> vancedotson@yahoo.com

*/s/ Jimmy Goodman*⎯⎯⎯⎯⎯⎯
