THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

VANCE DOTSON )
    Plaintiff, )
)
v. ) Case No.
) CIV-25-1133-G
EXPERIAN INFORMATION )
SOLUTIONS, INC., )
    Defendants. )
)

FILED
NOV 14 2025
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RULE 26(f) CONFERENCE

Plaintiff Vance Dotson, appearing pro se, respectfully submits this Reply to Defendant Experian Information Solutions, Inc.'s ("Experian") Response (Dkt. 15) to Plaintiff's Motion to Compel Rule 26(f) Conference (Dkt. 13). Experian's arguments lack merit, as the Federal Rules of Civil Procedure mandate prompt conferral and permit early discovery regardless of a pending motion to consolidate in a related case. Experian's refusal to engage constitutes unwarranted delay, consistent with its pattern of evasion in Plaintiff's other actions against it.

**I. THE PENDING MOTION TO CONSOLIDATE DOES NOT STAY DISCOVERY OR EXCUSE THE RULE 26(f) CONFERENCE REQUIREMENT**

Experian contends that a Rule 26(f) conference is not "practicable" until the Court rules on its Motion to Consolidate filed in Case No. CIV-25-938-SLP (Dkt. 15 at 4-5). This position misapplies the rules. Federal Rule of Civil Procedure 26(f)(1) requires the parties to confer "as soon as practicable" after the action commences, absent a court order otherwise. No such order staying this case exists here, and a pending consolidation motion in a separate action does not automatically halt proceedings. See Fed. R. Civ. P. 42(a) (consolidation is discretionary and does not inherently stay individual cases); see also Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) (stays are not granted absent a showing of hardship or inequity).

Experian's Motion to Consolidate before Judge Palk in Case No. CIV-25-938-SLP. As of this filing on November 13, 2025, no ruling has been issued, and no order consolidating or staying this case has been entered. Even if consolidation were eventually granted, it would not retroactively excuse Experian's current non-compliance. Delaying the conference serves only to hinder Plaintiff's ability to advance his claims, which allege serious FCRA violations causing ongoing harm (Compl. ¶¶ 16-29). Courts routinely require conferral despite pending motions that may affect case structure, as the rules promote efficient litigation. See, e.g., Cache La Poudre Feeds, LLP v. Land O'Lakes, Inc., 244 F.R.D. 614, 621 (D. Colo. 2007) (compelling conference despite delays).

## II. RULE 26(d)(2) EXPRESSLY PERMITS EARLY DISCOVERY, AND EXPERIAN'S REFUSAL TO CONFER IMPEDES IT

Experian ignores that Federal Rule of Civil Procedure 26(d)(2)(A) allows a party to deliver Rule 34 requests more than 21 days after service of the summons and complaint, even before the Rule 26(f) conference. Under Rule 26(d)(2)(B), such requests are deemed served at the conference, with responses due 30 days thereafter. The summons and complaint were served on Experian over 21 days ago (on or about October 1, 2025, based on serving date), making early discovery available now. Plaintiff's repeated attempts to initiate this process via texts, emails, and calls starting October 22, 2025 have been met with silence or refusal, preventing the delivery and eventual response to discovery requests critical to proving Experian's FCRA non-compliance.

Simply put, parties may engage in discovery 21 days after service of the complaint and summons, subject to the conference timing for responses. Experian's insistence on waiting for a consolidation ruling contravenes this framework and unnecessarily prolongs the case.

## III. EXPERIAN'S CONDUCT REFLECTS A PATTERN OF EVADING DISCOVERY IN PLAINTIFF'S RELATED ACTIONS

Experian's delay tactics are not isolated. In Case No. CIV-25-938-SLP, Plaintiff was forced to file multiple motions to compel on November 3, 2025 (Dkts.

18, 19, 20), seeking production of documents and responses after Experian similarly resisted engagement. This pattern demonstrates Experian's counsel's intent to dodge discovery across Plaintiff's actions, all of which allege similar FCRA violations but arise from distinct requests and harms. Contrary to Experian's characterization (Dkt. 15 at 3-4), Plaintiff's filings are not "gamesmanship" but necessary to address separate instances of non-disclosure. Experian's amended answers in other cases came only after threats of sanctions, further evidencing reluctance to cooperate. The Court should not reward such conduct by denying Plaintiff's motion.

Experian's ad hominem attacks on Plaintiff's litigation strategy (Dkt. 15 at 3) are irrelevant and distract from its own failure to comply with the rules. Plaintiff, as a pro se litigant, has diligently pursued his rights under the FCRA, which protects consumers from precisely the opacity Experian exhibits.

## IV. SANCTIONS AND COSTS ARE WARRANTED

Experian's unjustified refusal violates Rule 37(d), authorizing sanctions for failure to participate in discovery conferral without good cause. Plaintiff requests an order compelling the conference within 7 days, requiring a joint discovery plan within 14 days, and awarding costs (estimated at $300 for time and expenses in preparing the motion and this reply).

## V. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's Motion to Compel, reject Experian's excuses, and impose appropriate relief.

Dated: November 14, 2025

Respectfully submitted,

_/s/ Vance Dotson_
Vance Dotson
425 W. Wilshire Blvd. Ste E
Oklahoma City, OK 73116
Phone: 405-406-7323
Email: vancedotson@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2025, I served the foregoing Response on all counsel of record via the CM/ECF system, which will send notification to:

Jimmy Goodman
Crowe & Dunlevy
324 North Robinson Ave., Ste. 100
Oklahoma City, OK 73102
jimmy.goodman@crowedunlevy.com

Stephanie Hayes
Crowe & Dunlevy
324 North Robinson Ave., Ste. 100
Oklahoma City, OK 73102
stephanie.hayes@crowedunlevy.com

_/s/ Vance Dotson_
Vance Dotson