## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

VANCE DOTSON,                          )
                                       )
    Plaintiff,     )
                                       )     Case No. CIV-25-605-SLP
v.                                     )
                                       )     *Consolidated with:*
                                       )     Case No. CIV-25-938-SLP
EXPERIAN INFORMATION SOLUTIONS,        )     Case No. CIV-25-1133-SLP
INC.,                                  )
                                       )
    Defendant.     )

## O R D E R[1]

Before the Court is Defendant Experian Information Solution, Inc.'s Motion to Consolidate or, In the Alternative, Motion to Dismiss Related Cases and Brief in Support [Doc. No. 15], filed in Case No. CIV-25-938-SLP. Plaintiff Vance Dotson filed a response [Doc. No. 16], and Defendant did not file a reply. In its Motion, Experian asks the Court to consolidate three actions pursuant to Federal Rule of Civil Procedure 42(a): (1) *Vance Dotson v. Experian Information Solutions, Inc.*, Case No. CIV-25-605-SLP; (2) *Vance Dotson v. Experian Information Solutions, Inc.*, Cause No. CIV-25-938-SLP; and (3) *Vance Dotson v. Experian Information Solutions, Inc.*, Case No. CIV-25-1133-SLP.

Notably, the Court set this matter for hearing on November 12, 2025, and Plaintiff did not appear. *See* Minute Entry [Doc. No. 33]. For the reasons stated below, the Motion is GRANTED.

---

[1] The Court's Order in Case CIV-25-605 inadvertently set the status conference for the wrong date and time. *See* [Doc. No. 33]. Accordingly, this Order corrects that error.

## I.     <u>Background</u>

The three cases at issue are each filed by Plaintiff Vance Dotson against Defendant Experian Information Solution, Inc. The cases were filed within the span of a few months on June 4, 2025, August 18, 2025, and September 29, 2025. All three cases allege the same single cause of action: a violation of 15 U.S.C. § 1681(g) of the Fair Credit Reporting Act. Specifically, Plaintiff alleges that Experian did not accurately and completely disclose the information in Plaintiff's "consumer file" after he made a request. Now, Experian requests consolidation of the three cases or, alternatively, dismissal of the two later-filed actions.

## II.     <u>Standard of Review</u>

Federal Rule of Civil Procedure 42(a) permits a district court to consolidate actions that "involve a common question of law or fact." The Court has discretion to determine whether consolidation is appropriate. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978); *Gillette Motor Transp. v. N. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950). If a common question exists in separate cases for which consolidation is sought, the Court should "weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause for the litigants and the trial judge." *McClain v. Canadian Cnty. ex rel. Bd. of Cnty. Commissioners*, No. CIV-22-1091-SLP, 2024 WL 270115, at *3 (W.D. Okla. Jan. 24, 2024) (quoting 9A C. Wright & A. Miller, *Federal Practice and Procedure* § 2383 (3d ed.)); *see also Yapp v. Excel Corp.*, 186 F.3d 1222, 1229 (10th Cir. 1999). When cases are consolidated, they "retain their separate identities," although "district courts may []

consolidate cases for 'all purposes' in appropriate circumstances." *Hall v. Hall*, 584 U.S. 59, 1131 (2018).

## III.   <u>Discussion</u>

Experian argues that consolidation is appropriate because the cases present "near-identical questions of law and fact" and because consolidation will not delay, confuse or prejudice any party. Mot. [Doc. No. 15] at 5-6. Specifically, Experian notes that the three cases contain identical parties and the same legal issue regarding whether Experian violated § 1681(g). Further, Experian argues that Plaintiff alleges that the three violations will largely stem from the same information related to the same accounts. *Id.* Lastly, Experian contends that consolidation is the more efficient route given that all cases are early in their pendency and will not lead to any confusion or prejudice.

Plaintiff objects to consolidation, arguing that the actions are not similar enough to warrant consolidation because they "involve different requests, different modes of request (direct to Experian, to counsel, and triggered by a credit denial), different time periods (February, June, and August 2025), and distinct harms[.]" Resp. [Doc. No. 16] at 4. He further asserts that consolidation "would cause unnecessary delay, confusion, and prejudice to Plaintiff by conflating unique factual circumstances and evidence." Resp. [Doc. No. 16] at 2. The Court disagrees.

Upon review, the Court finds that consolidation is appropriate. The three cases involve common questions of law and fact. They allege the exact same violation against the same party regarding factually similar (and at times, overlapping) allegations related to missing or inaccurate information disclosed after receiving a request. *See e.g.*, Case 25-

938 [Doc. No. 1] at ¶ 24 (referencing denial of credit by Affirm on August 16, 2025 resulting in Plaintiff seeking counseling); Case No. 25-1133 [Doc. No. 1] at ¶¶ 10, 25 (referencing denial of credit by Affirm on August 16, 2025 resulting in Plaintiff seeking counseling). Further, the Court does not find that consolidation will cause delay, confusion, or prejudice to the parties. The presentation of evidence will require many of the same witnesses and exhibits, and "[r]equiring fact and expert witnesses to testify twice would likely cause unnecessary and substantial expense to the parties and witnesses and would be an inefficient use of court resources." *Dent v. BNSF Ry. Co.*, No. CIV-18-159-G, 2020 WL 5822221, at *1 (W.D. Okla. Sept. 30, 2020) (internal quotations and citation omitted). Thus, for good cause shown, and pursuant to Rule 42 of the Federal Rules of Civil Procedure, the Court finds the request for consolidation is proper as the actions involve common questions of law and fact.

IT IS THEREFORE ORDERED that Defendant's Motion to Consolidate or, In the Alternative, Motion to Dismiss Related Cases and Brief in Support [Doc. No. 15] is GRANTED as follows:

1)      Case Nos. CIV-25-605-SLP, CIV-25-938-SLP, and CIV-25-1133-SLP are consolidated in their entirety for all purposes.

2)      The three actions shall proceed together under the consolidated style reflected above. All future filings shall be made only in CIV-25-605, as the earliest-filed of the three cases.

3)    The Clerk of Court shall enter a scheduling order in CIV-25-605-SLP which will govern the cases as consolidated and that adopts the same deadlines as the Scheduling Order in CIV-25-938-SLP [Doc. No. 11].

4)    The Clerk of Court is directed to file this Order in Case Nos. CIV-25-605-SLP, CIV-25-938-SLP, and CIV-25-1133-SLP and is further directed to administratively close CIV-25-938-SLP and CIV-25-1133-SLP.[2]

IT IS FURTHER ORDERED that the parties shall appear for a Status Conference at **10:00 A.M. on January 9, 2026**, in Courtroom 304.  The conference shall be attended by counsel with authority to make appropriate decisions and by any pro se litigants.  *See* LCvR 16.1(b)(4).

IT IS SO ORDERED this 11th day of December, 2025.


_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE


---

[2] This routine practice of the Court is a matter of administrative convenience so that the Clerk need not maintain three files and no party (or the Court) need make duplicate filings.  The administrative closing does not prejudice the right of any party to raise any issue in the consolidated action that was available to that party in the separate case.  *See Wu v. Bernhardt*, 820 F. App'x 669, 672 (10th Cir. 2020) (recognizing that consolidation does "not merge [consolidated cases] or otherwise alter their independent character").